UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAROCKA RAMOS, <br> *Plaintiff*, <br><br> vs. <br><br> MONTGOMERY COUNTY SHERIFF, LUTHER BLANTON; MONTGOMERY COUNTY JAIL COMMANDER, JOHN DOE; MONTGOMERY COUNTY JAIL CAPTAIN, RIVERS; MONTGOMERY COUNTY JAIL DEPUTY, SCOTT LIVINGSTON; and MONTGOMERY COUNTY JAIL PERSONNEL, JOHN DOE, all sued in their individual and official capacities, <br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:11-cv-00900-JMS-MJD |

## **ORDER**

Presently before the Court is the Defendants' Motion to Dismiss, [dkt. 12], which the Court **GRANTS** for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper. A motion filed under that rule asks whether the

complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id*. at 1945-50 ("Although for the purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal citation and quotation marks omitted)). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id*.

## II.
### BACKGROUND

The factual allegations contained in Plaintiff Marocka Ramos' Complaint are as follows. In 2005, Ms. Ramos was held at the Montgomery County Jail on pretrial incarceration. [Dkt. 1 at 2.] During that time, officials at the jail permitted male inmate Norm Keisling to serve as a jail trustee and assigned him the daily duty of cleaning the jail shower room. [*Id*.] On July 5, 2005, Mr. Keisling cleaned the jail's shower room and remained behind afterward, hidden behind a shower curtain. [*Id*.]

When Montgomery County Jail Deputy Scott Livingston escorted Ms. Ramos to the showers, he did not inspect the shower area before securing her in the area with a locked security door. [*Id*.] Once Mr. Livingston exited the area and secured the door, Mr. Keisling left his hiding place behind the shower curtain and attacked Ms. Ramos, partially disrobing her and blocking her access to the room's call box. [*Id*. at 3.] Ms. Ramos successfully fought off Mr. Keisling, after which he retreated behind the shower curtain and warned her to remain quiet about the incident. [*Id*.]

Following the incident, Mr. Keisling continually threatened Ms. Ramos, reminding her that as a trustee, he had access to her cell. [*Id*.] The threats continued until Ms. Ramos reported the incident to officials at the Montgomery County Jail. [*Id*.]

## III.
### DISCUSSION

Ms. Ramos has sued Montgomery Sheriff Luther Blanton, County Jail Commander John Doe, Jail Captain James Rivers, Jail Deputy Scott Livingston, and Jail Personnel John Doe (collectively, the "Defendants") in their individual capacities and official capacities under 42 U.S.C. § 1983, alleging that they failed to protect her from Mr. Keisling during her incarceration at Montgomery County Jail. She has also brought Indiana state law claims for negligence. The Court will examine each claim in turn.

### A. Ms. Ramos' § 1983 Claim

Ms. Ramos alleges that the Defendants are individually liable under § 1983 for failing to protect her from attack by Mr. Keisling. [Dkt. 1 at 1.] The Defendants move to dismiss her § 1983 claims, arguing that because Ms. Ramos has not alleged that they were aware of a specific threat to her safety, her Complaint does not support individual-capacity claims for failure to protect. [Dkt. 21 at 3.] The Defendants also argue that Ms. Ramos has not properly alleged any official-capacity claims. [Dkt. 13 at 8.] They further contend that they are entitled to qualified immunity. [*Id*. at 7.]

#### 1. Individual-Capacity Claims

Section 1983 provides a cause of action against any "person" who under color of any statute, ordinance, regulation, custom, or usage of any state causes a deprivation of any rights, privileges, or immunities secured by the United States Constitution. 42 U.S.C. § 1983. A cause of action under Section 1983 may arise from the deliberate indifference to the safety of prisoners,

3

which constitutes the Eighth Amendment cruel and unusual punishment prohibited under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To succeed on a claim of deliberate indifference, a plaintiff must satisfy both an objective and a subjective component. *Farmer*, 511 U.S. at 834. First, she must show that the deprivation is "objectively, sufficiently serious." *Id*. For a claim of failure to protect, the plaintiff must show that she was incarcerated under conditions showing a substantial risk of serious harm. *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010). Second, she must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. To make this subjective showing, the plaintiff must establish that the defendants knew she faced a substantial risk of harm and that they disregarded that risk. *Id*.; *Santiago*, 599 F.3d at 758.

Deliberate indifference "is more than negligence and approaches intentional wrongdoing." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (citation omitted). The Seventh Circuit has held that failure to provide protection constitutes a constitutional violation only if deliberate indifference by prison officials to a prisoner's welfare "effectively condones the attack by allowing it to happen." *Santiago*, 599 F.3d at 756 (internal citation and quotation marks omitted). To sustain her claim, Ms. Ramos must allege facts sufficient to show that the Defendants "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the [Defendants'] failure to prevent it." *Id*. (internal citation and quotation marks omitted). She has failed to do so here.

As the Defendants correctly point out, Ms. Ramos does not allege that any of the Defendants were aware of a specific threat to her and then failed to act on that awareness. [Dkt. 21 at 3.] Nowhere in her factual allegations does she claim that the Defendants had knowledge of an impending harm to her. Indeed, her Complaint indicates that the threats she received from

4

Mr. Keisling continued only until she apprised the Defendants of the situation. [Dkt. 1 at 3.] Without alleging facts sufficient to show that the Defendants were aware of a specific, impending harm to her and consciously refused to prevent that harm, Ms. Ramos cannot sustain a claim for failure to protect. *Santiago*, 599 F.3d at 756.

Because Ms. Ramos does not allege that the Defendants had knowledge of a specific, impending, and substantial threat to her, she has failed to state a claim upon which relief can be granted. *Id.* The Court therefore dismisses Ms. Ramos' individual-capacity § 1983 claims.

### 2. Official-Capacity Claims

Ms. Ramos has also brought suit against the municipal Defendants in their official capacities, which is effectively equivalent to bringing suit against the municipality for which they work. *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690, n. 55 (1978)). The United States Supreme Court has held that § 1983 claims may be properly brought against municipalities and other local governmental entities for actions by its employees only if those actions were taken pursuant to an unconstitutional policy or custom. *Id.* at 690. A successfully established *Monell* claim can fall under one of the following three categories:

(1) an express policy that, when enforced, causes a constitutional deprivation;
(2) a widespread practice that, although not authorized by written or express municipal policy, is so permanent and well-established as to constitute a "custom of usage" with the force of law; or
(3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Estate of Moreland v. Dieter*, 395 F.3d 747, 758-59 (7th Cir. 2004) (internal citations omitted)

In her Complaint, Ms. Ramos does not allege any of the aforementioned types of unconstitutional policies or customs. Instead, she vaguely ascribes blame to the municipal Defendants for failing to establish "proper policies and procedures, which if implemented at the

time, would have protected [her] from an attempted sexual assault." [Dkt. 1 at 3.] Without showing that an existing, unconstitutional policy or custom resulted in her attack, Ms. Ramos has failed to allege a valid *Monell* claim against the municipal Defendants. *See also Blanton v. City of Indianapolis*, 830 F. Supp 1198, 1202 (S.D. Ind. 1993) ("[T]he complaint must set out some fact or facts to suggest that the claimed policy or custom actually exists, and that the alleged deprivation resulted from enforcement or pursuit of that policy – i.e. that the deprivation was not an 'isolated' incident.").

Ms. Ramos has not alleged a specific pattern or series of incidents supporting a general allegation of a custom or policy; rather, she has pled facts regarding an isolated attack. Because Ms. Ramos has failed to plead a proper *Monell* claim, her official-capacity claims against the Defendants are dismissed.

### 3. Qualified Immunity

In support of their Motion to Dismiss, the Defendants assert that they are entitled to the protection of qualified immunity. [Dkt. 13 at 7.] The doctrine of qualified immunity shields a public official from civil liability when an official is performing a discretionary function, and when a reasonable official would have believed that his actions were within the bounds of the law at the time he acted. *Belcher v. Norton*, 497 F.3d 742, 749 (7th Cir. 2007). To defeat a claim of qualified immunity, a plaintiff must satisfy the two conditions:

(1) the complaint must adequately allege facts that, if true, constitute a violation of a constitutional right; and
(2) the case law must be "clearly established" at the time of the alleged violation, so that a reasonable public official would have known that his conduct was unlawful.

*Moss v. Martin*, 473 F.3d 694, 702 (7th Cir. 2007) (internal citations omitted).

In her brief opposing the Defendants' Motion to Dismiss, Ms. Ramos does not establish these two conditions. Spending the entirety of her discussion preemptively arguing that the Defendants may not invoke the doctrine of qualified immunity under the discretionary function exception of Indiana Torts Claims Act to bar recovery on her state-law negligence claims, she wholly neglects to address why the doctrine of qualified immunity does not bar recovery on her federal claims. [Dkt. 20-1 at 4-5.]

Even if Ms. Ramos had pled sufficient factual allegations in her Complaint to support a claim under § 1983 – which she did not here – she has failed to address why the Defendants are not entitled to qualified immunity. For that reason, in addition to the foregoing reasons, the Court dismisses Ms. Ramos' § 1983 claims.

**B. Ms. Ramos' State Claims**

Within this Order, the Court has dismissed all of Ms. Ramos' federal claims. Now that this action involves purely state claims, the Court must decide whether to continue presiding over it or dismiss the remaining claims without prejudice.

"As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007) (citations omitted). The Court may retain jurisdiction, however, "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Id.* (citations omitted). Ultimately, the determination is a discretionary one based on the balance of those factors. *Timm v. Mead Corp.*, 32 F.3d 273, 276-77 (7th Cir. 1994).

In the present case, only four months have passed since Ms. Ramos filed her Complaint, and it cannot be said that substantial judicial resources have already been expended on her state claims. The case has proceeded with minimal judicial involvement: the assigned magistrate judge conducted an initial pretrial conference last month and entered marginal and minute entries related to the same, [dkts. 18; 22], and the Court granted Ms. Ramos an extension of time to respond to the present Motion to Dismiss. [Dkt. 16.]

Furthermore, after reviewing Ms. Ramos' Complaint and brief opposing dismissal, the Court cannot say that it is clearly apparent at this time how her state-law claims are to be decided. Given that the only remaining claims at issue are purely issues of state law, and it is not yet apparent how the state claims are to be decided, this case is more properly adjudicated in state court. *Medellin v. Texas*, 552 U.S. 491, 561 (2008); *Williams*, 509 F.3d at 502. Likewise, given that this case has had a relatively short federal lifespan, the Court finds that little injustice will result from beginning the process anew in state court. *Timm*, 32 F.3d at 277. The Court thus finds it appropriate to relinquish jurisdiction over the state claims presently at issue in this case.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss, [dkt. 12], and **DENIES** Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, [dkt. 20]. The Court **DISMISSES WITH PREJUDICE** Ms. Ramos' § 1983 claims, [dkt. 1], and **DISMISSES WITHOUT PREJUDICE** Ms. Ramos' state law claims. [Dkt. 1.] Judgment will issue accordingly.

11/04/2011

_Hon. Jane Magnus-Stinson, Judge_
United States District Court
Southern District of Indiana

**Distribution by ECF only:**

J. Kent Minnette
KIRTLEY TAYLOR SIMS CHADD & MINNETTE, P.C.
kminnette@kirtleytaylorlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com

Brent Welke
WELKE LAW FIRM
brentwelke@att.net